## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARUTYUN TARAKCIYAN and SIRAN TARAKCIYAN, | Civil Action No. |
| Plaintiffs, | 23-cv-01179 (MCA) (JRA) |
| v. | |
| WALMART SUPERCENTER-SECAUCUS, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

### I.    INTRODUCTION

Plaintiffs Harutyun Tarakciyan ("Mr. Tarakciyan") and Siran Tarakciyan ("Mrs. Tarakciyan") (collectively, "Plaintiffs") move to remand this action to the Superior Court of New Jersey.  ECF No. 5.  The Court must consider whether Defendant Walmart Supercenter-Secaucus timely filed its Notice of Removal.  The Honorable Madeline Cox Arleo, U.S.D.J., referred this motion to this Court for a Report and Recommendation.  This Court has considered the motion on the papers without oral argument.  *See* FED. R. CIV. P. 78(b); L.Civ.R. 78.1(b).  For the reasons discussed below, this Court respectfully recommends that Plaintiffs' motion be **DENIED**.

### II.    BACKGROUND

On September 9, 2022, Plaintiffs filed a Complaint in the Superior Court of New Jersey, Law Division, Bergen County ("State Court"), alleging that, on or about December 15, 2020, Mr. Tarakciyan was injured while inside a store operated by

Walmart Supercenter-Secaucus[1] in Secaucus, New Jersey.  Compl. ¶¶ 1-4, ECF No. 1-1.  Mr. Tarakciyan alleges that he:

> suffered severe and permanent injuries, was disabled and disfigured, has suffered and will continue to suffer great pain and torment, both mental and physical[,] has and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business.

*Id.* ¶¶ 8, 15.

In addition to Mr. Tarakciyan's claims for negligence, his wife, Mrs. Tarakciyan, asserts a claim for loss of consortium.  *Id.* ¶ 21.  Mrs. Tarakciyan alleges that she:

> has been and will be deprived of the services, consortium and companionship of . . . [Mr.] Tarakciyan, has been and will be deprived of the services, companionship and society in the future, and has been and will be in the future caused to expend large sums of money in an effort to cure her husband of his injuries and will be caused to incur other great expenses and consequential damages.

*Id.*  Although the Complaint describes the Plaintiffs' injuries, it does not state the precise amount of damages they seek.[2]

Plaintiffs assert that they served the Complaint on Defendant on November 29, 2022.  *See* ECF No. 5-2 at 5.  Defendant contends that it was actually served on

---

[1] In its opposition to the Motion to Remand, Defendant notes that Walmart Supercenter-Secaucus "is not an actual entity and the store is instead operated by Wal-Mart Stores East, LP."  ECF No. 6 at 14.  Plaintiffs do not dispute this.  Accordingly, for the sake of clarity, the Court will refer to Wal-Mart Stores East, LP, as "Defendant" in this Report and Recommendation.

[2] It should be noted that Rule 4:5-2 of the Rules Governing the Courts of the State of New Jersey ("New Jersey Court Rules") requires pleadings to demand damages "generally without specifying the amount."  It is not until a party to the litigation requests in writing a statement of damages that the claimant must furnish "the amount of damages claimed."  *Id.*

December 8, 2022.[3]  ECF No. 1 ¶ 5.  On January 4, 2023, Defendant filed an Answer while the matter remained in State Court.  ECF No. 1-2.  In its Answer, Defendant requested a statement of damages under Rule 4:5-2 of the New Jersey Court Rules. ECF No. 1-2.  Plaintiffs produced the statement of damages on February 20, 2023,[4] claiming damages in the amount of $500,000.  ECF No. 1-4.  Knowing with certainty that Plaintiffs were seeking more than $75,000 in damages, Defendant filed a Notice of Removal on March 1, 2023, removing the action to this Court.  ECF No. 1. Defendant claims the action is removable due to this Court having original jurisdiction by way of diversity, under 28 U.S.C. § 1332.  *Id.* ¶ 4.  Plaintiffs filed the instant Motion to Remand on March 28, 2023, arguing, among other things, that Defendant's Notice of Removal was untimely.  ECF No. 5-2.

## III.    ANALYSIS

A decision to remand is dispositive.  *In re United States Healthcare,* 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court.").  Accordingly, this Court addresses the Plaintiffs' motion via this Report and Recommendation.

### A. Whether the Parties are Diverse

---

[3] The precise date of service is irrelevant for purposes of the instant motion as crediting either party's proffered date of service does not impact the Court's decision.

[4] The statement of damages attached to the Notice of Removal bears a February 28, 2023, date.  ECF No. 1-4. In their motion papers, however, Plaintiffs and Defendant assert that the statement of damages was served on February 20, 2023.  ECF No. 5-2 at 3; ECF No. 6 at 2; ECF No. 8 at 2.  Because the parties agree that the statement of damages was served on February 20, 2023, the Court will accept this as the date of service.  Notably, accepting either date as the date of service of the statement of damages would not affect this Court's decision.

As an initial matter, the parties dispute whether this Court possesses subject matter jurisdiction over this matter. An action brought in state court can be removed to federal court based on the parties' diversity of citizenship. 28 U.S.C. § 1332(a). To do so, the removing defendant must show that, among other things, the amount in controversy is greater than $75,000, "exclusive of interest and costs." *Id.*; *see also Chrin v. Ibrix, Inc.*, 293 F. App'x 125, 127 (3d Cir. 2008). Additionally, there must be complete diversity of citizenship for a federal court to have subject matter jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (2005) (citations omitted) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction.").

Generally, a corporation is deemed to be a citizen of its state of incorporation and where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). As the Third Circuit has held, however, an unincorporated association's state of incorporation and principal place of business are irrelevant for purposes of determining citizenship. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Rather, "[a] partnership, as an unincorporated business entity, assumes the citizenship of all its partners." *See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (citation omitted).

Here, Defendant notes that Walmart Supercenter-Secaucus is not an entity and that the store in question is operated by Wal-Mart Stores East, LP, a limited partnership composed of general partner, WSE Management, LLC, and limited

partner, WSE Investment, LLC.  ECF No. 6 at 14; ECF No. 1 ¶ 4.  WSE Management, LLC, and WSE Investment, LLC, are Delaware limited liability companies.  ECF No. 1 ¶ 4.  The sole member of WSE Management, LLC, and WSE Investment, LLC, is Wal-Mart Stores East, LLC, an Arkansas limited liability company.  *Id.*  The sole member of Wal-Mart Stores East, LLC, is Walmart, Inc., which is incorporated in Delaware and maintains a principal place of business in Arkansas.  *Id.*

Plaintiffs argue that Defendant has not properly established its own citizenship for purposes of diversity jurisdiction because Defendant "has not provided any information about the citizenship of [its] members."  ECF No. 5-2 at 12.  It is unclear to the Court what more information Plaintiffs believe Defendant must provide.  To the contrary, Defendant has properly alleged its own citizenship.  As this Court has noted—and the parties acknowledge—an unincorporated association's citizenship "is determined by the citizenship of its members."  *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citations omitted); ECF No. 5-2 at 12; ECF No. 6 at 13-14.  Defendant avers that the proper defendant in this action is Wal-Mart Stores East, LP.  ECF No. 6 at 14.  As a limited partnership, Wal-Mart Stores East, LP's citizenship is determined by tracing the citizenship of its members.  The only members of Wal-Mart Stores East, LP, are themselves limited liability companies (*i.e.*, unincorporated associations) and the sole member of those limited liability companies is another limited liability company.  ECF No. 1 ¶ 4.  The Court must accordingly continue tracing the line of membership to the ultimate member, Walmart, Inc., which is a citizen of Arkansas and Delaware.  Each unincorporated association in the chain thus

5

adopts Walmart, Inc.'s citizenship, rendering them citizens of Arkansas and Delaware.

Because Plaintiffs are citizens of New Jersey and Defendant is a citizen of Arkansas and Delaware, the parties are completely diverse. In addition, Plaintiffs seek damages in the amount of $500,000, well above the amount in controversy requirement set forth by 28 U.S.C. § 1332(a). ECF No. 1-4. Accordingly, the Court has subject matter jurisdiction over this action if it also finds that removal was timely.

### B. When a Notice of Removal Must be Filed

Next, the parties dispute whether Defendant timely removed this action to this Court. Once an action is removed, a plaintiff may move to remand the matter back to state court based on "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." *Scott v. Estes Express Lines, Inc.*, No. 17-cv-0963, 2017 WL 4268039, at *1 (D.N.J. Sep. 26, 2017) (quoting *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993)). The Third Circuit has noted that removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). "An action that has been removed can be remanded to state court, pursuant to 28 U.S.C. § 1447(c), if the removal procedure was defective." *Peters v. Stop & Shop*, No. 13-cv-6085, 2013 WL 5781199, at *2 (D.N.J. Oct. 25, 2013). Failure to timely file a notice of removal "is sufficient grounds to remand an action to state court." *Id.*

(citation omitted).

"Two thirty-day clocks limit the time within which a defendant may remove a case." *McLaren v. UPS Store Inc.*, 32 F.4th 232, 236 (3d Cir. 2022) (citing Section 1446). First, a defendant may remove an action to federal court "within 30 days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Second, if a case is not removable based on the initial pleadings, a defendant may remove it within thirty days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

This Court noted in *Pope v. Walmart* that courts in this District have historically applied two tests in determining when the thirty-day period for removal begins to run: "(1) a 'bright-line' approach; and (2) a 'subjective-inquiry' approach." No. 21-cv-20479, 2022 WL 3567371, at *2 (D.N.J. July 29, 2022) (quoting *Riconda v. U.S. Foods, Inc.*, No. 19-cv-1111, 2019 WL 1974831, at *5 (D.N.J. May 3, 2019)). That is no longer the case. The Third Circuit in *McLaren* has clarified that the bright-line approach is controlling when confronted with this question.[5] 32 F.4th at 238-39.

Under the "bright-line" approach, if the complaint fails to plead specific damages or otherwise clarify that the amount in controversy exceeds $75,000, the thirty-day removal period will not begin to run until "the defendant receives a document that clearly states the amount in controversy is more than $75,000." *Pope*,

---

[5] The Third Circuit had not yet decided *McClaren* when the parties in *Pope* fully briefed their arguments before this Court.

2022 WL 3567371, at *3 (quoting *Worldwide Exec. Job Search Sols. v. N. Bridge Grp.*, No. 17-cv-1907, 2017 WL 5762392, at *2 (D.N.J. Nov. 27, 2017)).  The Third Circuit in *McClaren* noted that the plain language of 28 U.S.C. § 1446(b)(1) and (3) depend not on "what the defendants purportedly knew," but rather "on what a defendant receives."  32 F.4th at 238-39 (quoting *Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir. 1993).  Accordingly, the Court rejected plaintiffs' argument that "the thirty-day clock would be triggered by information that the defendant already possesses or knows from its own records."  *Id.* at 238.  The Third Circuit instead joined most other circuit courts in holding that the thirty-day clock is "triggered based only on what a defendant can ascertain from the four corners of the plaintiff's complaint or other paper the defendant receives."  *Id.* at 239 n.4 (collecting cases).  This bright-line approach, the Court reasoned, "advances judicial economy . . . and discourages evasive or ambiguous pleading."  *Id.* at 239.  The Third Circuit also noted that "[a]lthough a defendant has a duty to 'apply a reasonable amount of intelligence to its reading' of any documents it receives, it has no duty 'to search its own business records or perform an independent investigation into a plaintiff's indeterminate allegations to determine removability."  *Id.* at 240 (internal quotation marks omitted) (quoting *Gibson v. Clean Harbors Env't Servs., Inc.*, 840 F.3d 515, 519 (8th Cir. 2016)).

Although Plaintiffs correctly note that *McLaren* was decided in the context of a class action under the Class Action Fairness Act and not a personal injury action removed on the basis of diversity jurisdiction (ECF No. 5-2 at 10-11), other courts in

this District have applied the Third Circuit's adoption of the bright-line approach in cases analogous to the instant action. *See, e.g., Foreacre v. Wal-Mart Stores, Inc.*, No. 22-cv-4231, 2023 WL 349787, at *3 (E.D. Pa. Jan. 20, 2023) (denying plaintiff's motion to remand in a personal injury action where the court found that defendant's removal was timely under the bright-line approach adopted in *McLaren*). Accordingly, this Court finds that *McLaren*'s interpretation of the requirements of 28 U.S.C. § 1446(b) is binding here and will apply the bright-line approach. *See Miller v. Whole Foods Mkt., Inc.*, No. 22-cv-2495, 2022 WL 16950265, at *3 (E.D. Pa. Nov. 15, 2022) (noting that in *McLaren*, "the Third Circuit rejected application of the subjective approach").

### C. Whether Defendant's Notice of Removal was Timely

Instructed by *McLaren*, this Court must first determine whether the Complaint triggered the thirty-day clock under Section 1446(b)(1). 32 F.4th at 236. The Section 1446(b)(1) clock is triggered when the complaint "informs the reader to a substantial degree of specificity, that all the elements of federal jurisdiction are present." *Id.* at 238 (quoting *Foster*, 986 F.2d at 53). "Thus, when a district court evaluates whether a case is removable under [Section 1446](b)(1), the 'inquiry begins and ends within the four corners of the pleading.'" *Id.* at 236 (quoting *Foster*, 986 F.2d at 53). A complaint may provide the requisite degree of specificity that the amount in controversy is satisfied by: (1) providing "a clear statement of the damages sought"; (2) alleging "sufficient facts from which damages can be readily calculated"; or (3) "affirmatively reveal[ing] on its face that [plaintiff] is seeking damages in excess of the minimum jurisdictional amount." *Id.* at 237 (quoting *Romulus v. CVS*

*Pharmacy, Inc.*, 770 F.3d 67, 69 (1st Cir. 2014); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013)).

Here, Plaintiffs' Complaint lacks the specificity necessary to alert Defendant that the amount in controversy is satisfied. As an initial matter, the Complaint does not provide "a clear statement of the damages sought" or otherwise reveal that Plaintiffs seek damages "in excess of the minimum jurisdictional amount." *Id.* (quoting *Romulus*, 770 F.3d at 69; *Mumfrey*, 719 F.3d at 399). Turning to whether the Complaint alleges "sufficient facts from which damages can be readily calculated," the Court finds that it does not. The Complaint alleges that Mr. Tarakciyan "suffered severe and permanent injuries," but wholly fails to detail those alleged injuries. *See* Compl. ¶¶ 8, 15. Mr. Tarakciyan's assertions that he has suffered "great pain and torment," has been compelled to "spend great and diverse sums of money for medical aid and treatment," has been "prevented from attending to his usual occupation," and will continue to be impacted by the alleged slip and fall are too vague. *Id.* Put simply, these allegations provide no basis "from which damages can be readily calculated." *McLaren*, 32 F.4th at 237 (quoting *Romulus*, 770 F.3d at 69).

Mrs. Tarakciyan's allegations are similarly vague. In the Complaint, she alleges that she has been and will be deprived of Mr. Tarakciyan's "services, consortium[,] and companionship" and that she will be required "to expend large sums of money in an effort to cure her husband of his injuries and will be caused to incur other great expenses and consequential damages." Compl. ¶ 21. Mrs.

10

Tarakciyan does not state the amount of damages she seeks nor does she state that her damages exceed the amount in controversy required to establish diversity jurisdiction. What Mrs. Tarakciyan *does* state is exceedingly vague, and her allegations are not sufficiently particular to permit Defendant to calculate that her damages exceed the amount in controversy. In sum, this Court finds that the four corners of the Complaint did not trigger Section 1446(b)(1)'s thirty-day removal clock.

Next, this Court must consider whether the thirty-day clock was triggered under Section 1446(b)(3) and whether Defendant's removal was timely filed. As another court in this District has noted, under the bright-line approach, "if a [c]omplaint does not plead specific damages, and does not otherwise make clear that the amount in controversy exceeds $75,000, the 30-day clock for removal does not begin to run until the defendant receives a document that clearly states the amount in controversy is more than $75,000." *Riconda*, 2019 WL 1974831, at *5 (quoting *Worldwide Exec. Job Search Sols.*, 2017 WL 5762392, at *2. Here, Defendant argues that the first document it received that clearly stated the amount in controversy exceeded the jurisdictional minimum was the statement of damages demanding $500,000, which Plaintiffs served on February 20, 2023. ECF No. 6 at 9. Defendant argues that, because it filed the Notice of Removal less than thirty days later on March 1, 2023, removal was timely and Plaintiffs' Motion to Remand should be denied. *Id.*

Plaintiffs argue in response that, applying the subjective inquiry approach, service of the Complaint triggered the thirty-day removal clock and the Notice of

Removal was therefore untimely.[6]  ECF No. 5-2 at 7-9; ECF No. 8 at 2-4.  This Court, guided by *McLaren* and its progeny, has already rejected this argument, finding that the Complaint did not trigger the thirty-day clock because it failed to inform Defendant to "a substantial degree of specificity" that the amount in controversy was satisfied.  *McLaren*, 32 F.4th at 236 (quoting *Foster*, 986 F.2d at 53).  Further, Plaintiffs point to no document other than the Complaint that could have triggered the thirty-day clock.  Calculating the thirty-day period from the date of service of the statement of damages, Defendant's Notice of Removal was timely.  Accordingly, this Court agrees with Defendant and respectfully recommends that the District Court deny Plaintiffs' Motion to Remand.

## IV.    CONCLUSION

For the reasons set forth above, this Court respectfully recommends that the District Court **DENY** Plaintiffs' Motion to Remand.  The Clerk of the Court is hereby directed to **TERMINATE** the Motion to Remand pending at Docket Entry Number 5.  The parties have fourteen days to file and serve objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); L.Civ.R. 72.1(c)(2).

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Dated: August 17, 2023

---

[6] As already noted, the parties disagree as to whether service of the Complaint was effectuated on November 29, 2022, or December 8, 2022.  For purposes of Plaintiffs' argument, the difference between these dates is immaterial as the Notice of Removal was filed more than thirty days after either date.